# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIALEGEE TRIBAL TOWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 1:21-cv-00590-CKK |
| U.S. DEPARTMENT OF THE INTERIOR, *et al.* | ) ) ) |
| Federal Defendants. | ) ) |

## JOINT MOTION TO VACATE OR SET ASIDE DEFAULT ORDER

On July 1, 2021, Plaintiff moved for entry of a clerk's certificate of default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 11. The next day, July 2, 2021, the clerk entered the requested order declaring Federal Defendants in default. ECF No. 12. After conferring, counsel for the parties agree that default judgment is not appropriate here because Plaintiff has not yet perfected service on the United States, as required under Rule 4. The parties therefore request that the Court vacate or set aside the default judgment.

The Defendants in this case are Federal agencies and Federal officials and employees who are sued in their respective official capacities.[1] Service of process on such defendants is governed by Fed. R. Civ. P. 4(i). That rule provides in pertinent part as follows:

**(1)** *United States.* To serve the United States, a party must:

---

[1] This Motion is submitted by undersigned Department of Justice counsel pursuant to 28 U.S.C. § 517, which states that "any officer of the Department of Justice[] may . . . attend to the interests of the United States in a suit pending in a court of the United States." *See Falkowski v. EEOC*, 783 F.2d 252, 253 (D.C. Cir.) (per curiam), *cert. denied*, 478 U.S. 1014 (1986). It is not necessary for the United States to enter an appearance at this time. Nothing contained herein is intended, or should be deemed, a waiver of any defenses available to Federal Defendants in this action including, without limitation, lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, insufficient service of process, and failure to effect service in a timely manner.

> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action in brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
>
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. . . . .
>
> **(2) Agency; Corporation; Officer or Employee Sued in an Official Capacity.** To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency, corporation, officer, or employee.

Plaintiff's request for a default against the United States included six affidavits in support of its request. ECF No. 11. In those affidavits, Plaintiff's counsel affirmed that former Secretary of the Interior David L. Bernhardt, former Acting Assistant Secretary for Indian Affairs Katuk Mac Lean Sweeney, and the U.S. Department of the Interior (Interior) were personally served with process. *Id*. Although Plaintiff's counsel has affirmed service on the individually-named defendants and Interior, Plaintiff submitted no evidence reflecting service of process on the United States Attorney for the District of Columbia, as required by Rule 4(i). *See* ECF No. 11; ECF Nos. 8 (Return of Service Bernhardt), 9 (Return of Service Sweeney), 10 (Return of Service Interior). Plaintiff's counsel agrees that Plaintiff has not yet served the United States Attorney for the District of Columbia.

And because Plaintiff has not yet perfected service, Federal Defendants' time to answer or otherwise respond to Plaintiff's complaint has not yet started to run. The time to serve a responsive pleading to a complaint in a civil action against the United States and its agencies, officers, or employees sued in an official capacity is governed by Fed. R. Civ. P. 12(a)(2), which provides as follows:

> The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

Here, because Plaintiff has not served the United States Attorney, Federal Defendants have not yet been under any obligation to respond to Plaintiff's complaint. Defendants, of course, cannot be found in default for failing to do something that Defendants were under no obligation to do. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

For these reasons, the parties jointly move the Court to vacate or set aside the erroneous default order entered on July 2, 2021. Plaintiff's counsel represent that they intend to serve the United States in compliance with Rule 4(i). The United States agrees not to move to dismiss Plaintiff's complaint on grounds of insufficient service of process so long as Plaintiff perfects service consistent with Rule 4 within sixty (60) days after the Court enters the order vacating the default judgment. After such service is perfected, the deadline for the United States' response will commence to run pursuant to Rule 12(a)(2).

A proposed order is attached.

Dated: July 26, 2021

Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division

*/s/ Sally J. Sullivan*
SALLY J. SULLIVAN (D.C. Bar No. 1021930)
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Tel. (202) 514-9269

Fax (202) 305-0506
Sally.Sullivan@usdoj.gov

*Counsel for the United States*

*/s/ Tyler A. Mamone, Esq. (with permission)*
D.C. Bar No. FL0068
MAMONE VILLALON PLLC
Miami Tower – Suite 2000
100 Southeast Second Street
Miami, Florida 33131
tyler@mvlawpllc.com

and

Moises T. Grayson, Esq.
D.C. Bar No. FL0067
BLAXBERG, GRAYSON, KUKOFF &
FORTEZA P.A.
730 Ingraham Building
25 Southeast Second Avenue
Miami, Florida 33131
Moises.Grayson@blaxgray.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. The participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

>  */s/Sally J. Sullivan*
>  Sally J. Sullivan